## Mississippi Electronic Courts
## Harrison County Circuit Court (County Court - Gulfport)
### CIVIL DOCKET FOR CASE #: 24CO1:12-cv-01442
### Internal Use Only

Bogan v. Walmart Stores Inc
Assigned to: Robin Alfred Midcalf

Date Filed: 08/20/2012
Jury Demand: Defendant
Nature of Suit: 181 Negligence - General
Jurisdiction: General

**Plaintiff**

**Joann Bogan**
3622 Reynosa Dr
Gulfport, Ms 39501

represented by **Warren Leon Conway**
Conway & Martin, PC
Post Office Box 757
1600 24th Ave Suite B (39501)
GULFPORT , MS 39502
228-863-3183
Fax: 228-863-3379
Email: wconway@conwaymartin.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Walmart Stores Inc**
645 Lakeland East Drive Ste 101
Flowood, MS 39232
*C/o C T Corporation System
doing business as*
Wal Mart Supercenter Store #969

represented by **Wilbur Pemble Delashmet**
DeLashmet & Marchand
P. O. Box 2047
462 Dauphin Street
MOBILE , AL 36602
251-433-1577
Fax: 251-433-1578
Email: wpd@delmar-law.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2012 | 1 | (Court only) Filing fee: $ 166, Receipt Number: 47838, Method of Payment: Check, Fee Status: Paid, Paid By: Warren Leon Conway, Remarks: 3236,. (KI) (Entered: 08/20/2012) |
| 08/20/2012 | 3 | SUMMONS Issued as to Walmart Stores Inc c/o CT Corporation System. Sent to attorney for service. (KI) (Entered: 08/20/2012) |
| 08/22/2012 | 4 | COMPLAINT against Walmart Stores Inc, filed by Joann Bogan. (Attachments: # 1 Civil Cover Sheet) (WJ) (Entered: 08/22/2012) |
| | | "DOCUMENT NOT ACCEPTED- SEE ANNOTATION BELOW" |

| | | |
|---|---|---|
| 10/29/2012 | 5 | SUMMONS Returned Executed by Joann Bogan. Walmart Stores Inc served on 10/22/2012, answer due 11/21/2012. Service type: Personal (Conway, Warren) Modified on 11/2/2012 (KI). (Entered: 10/29/2012) |
| 11/02/2012 | | DOCKET ANNOTATION as to document 5 Document does not have a case number or header on pleading please correct and refile. (KI) (Entered: 11/02/2012) |
| 11/06/2012 | 6 | ANSWER to 4 Complaint with Jury Demand by Walmart Stores Inc. (Delashmet, Wilbur) (Entered: 11/06/2012) |
| 11/06/2012 | 7 | NOTICE OF SERVICE of Interrogatories Propounded to Plainitff by Walmart Stores Inc. (Delashmet, Wilbur) (Entered: 11/06/2012) |
| 11/06/2012 | 8 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Plaintiff by Walmart Stores Inc. (Delashmet, Wilbur) (Entered: 11/06/2012) |
| 11/06/2012 | 9 | NOTICE OF SERVICE of Request for Admissions Propounded to Plaintiff by Walmart Stores Inc. (Delashmet, Wilbur) (Entered: 11/06/2012) |
| 12/03/2012 | 10 | NOTICE of Intent to Serve Subpoenas by Walmart Stores Inc (Delashmet, Wilbur) (Entered: 12/03/2012) |
| 12/06/2012 | 11 | NOTICE OF SERVICE of Responses to Request for Admissions by Joann Bogan. Related document: 9 Notice of Service of Request for Admissions filed by Walmart Stores Inc. (Conway, Warren) (Entered: 12/06/2012) |

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

JOANN BOGAN                                                                    PLAINTIFF

VERSUS                                            CAUSE NUMBER: D2401-12-1442

WAL-MART STORES, INC.
JOHN DOES 1-10 PERSONS
JOHN DOES 11-20 ENTITIES                                                      DEFENDANT



FILED
AUG 20 2012
GAYLE PARKER
CIRCUIT CLERK
BY: Kimberly Jill Babel D.C.

## COMPLAINT

COMES NOW the Plaintiff, JOANN BOGAN, by and through her attorney of record, Warren L. Conway, and files this her Complaint against the Defendant WAL-MART STORES, INC., and for good cause would respectfully state unto this Honorable Court the following to-wit:

I.

The Plaintiff, JOANN BOGAN, is an adult citizen of Harrison County, MS.

II.

The Defendant, WAL-MART STORES, INC., is and at all times material hereto was a foreign corporation authorized to do business, and doing business in the State of Mississippi, with C T Corporation System 645 Lakeland East Dr. Ste 101, Flowood, MS 39232, as its agent for service of process.

III.

The Defendant, at all times material hereto, did own and operate the Walmart Supercenter Store #969 as a retail establishment at the premises located at 9350-A Highway 49, Gulfport, MS 39503.

I hereby certify that the above and foregoing constitutes a true and correct copy.
Gayle Parker
Circuit Court Clerk

By Kimberly Jill Babel D.C.

IV.

The Defendants', Unknown John and Jane Does 1-20, identities are not known to the Plaintiff at this time. However, it is believed that they are adult resident citizens of Harrison County, Mississippi and or entities created under the laws of the state of Mississippi or other states and through the discovery process it is believed that their identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to amend her Complaint and identify the unknown persons and serve them with process for wrongs committed and violations against the rights, privileges and immunities of Joann Bogan, all of which it is alleged were committed in their official and/or individual capacities.

V.

As a proximate result of the defendant's negligence on or about February 17, 2011, a cooler used for storing bags of ice leaked and formed a pool of water was on the floor in which the plaintiff slipped and fell to the ground, thereby causing the plaintiff to suffer injuries including but not limited to past, present and future medical expenses, past, present and future mental and physical pain and suffering and past, present and future lost wages.

VI.

The Defendant, as owner, landlord, lessee, tenant, or manager of said premises, and operating said premises as a retail establishment, did owe to invitees the following duties:

a) To exercise ordinary care to keep the premises in a reasonably safe condition; and
b) To warn of dangerous conditions, not readily apparent, of which Defendant was aware or should have been aware;
c) To establish, publish, and perform policies and procedures designed to assure that the

premises were maintained in a reasonably clean and safe condition;

d) To train employees to perform policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition;

e) To staff the business adequately to ensure that policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition were performed; and

f) To train employees to promptly respond to notice of potentially unsafe conditions on the premises.

VII.

The Defendant did negligently and/or wantonly fail to perform some or all of the duties described hereinabove at Paragraphs 6 and 8.

VIII.

Said Defendant was negligent in the following manners:

a) Permit and/or allow a hazardous condition to exist by which the Plaintiff could be injured at a time when said defendant knew or should have known that said monitor and/or bracket were loose and dangerous and at a time when said defendant (s) should have taken some action to prevent injury to the Plaintiff or any other patron;

b) Fail to correct or remove hazardous conditions in an area in which customers travel frequently;

c) Fail to properly maintain the condition of the monitors and/or brackets and machines in general in the Defendant's establishment, particularly in an area in which customers travel most frequently;

d) Allow a hazardous condition to exist on the Defendant's property at a time when the

defendant has been advised of its presence; and

e) Fail to warn Plaintiff of the presence of the hazardous condition or of the danger it presented.

IX.

The breaches of duty committed by Defendant(s) jointly and severally, proximately caused or contributed to injuries sustained by the Plaintiff and caused her to incur damages in the form of past, present and future medical expenses, pain and suffering and lost wages.

X.

The Plaintiff brings suit and demands damages within the jurisdictional limitations of this Honorable Court.

RESPECTFULLY SUBMITTED, this the 17th day of August, 2012.

JOANN BOGAN, Plaintiff

BY: _____
Warren L. Conway, MSB# 6480

CONWAY & MARTIN
ATTORNEYS AT LAW
1600 24TH AVENUE, SUITE B
Post Office Box 757
Gulfport, MS  39502-0757
(228)863-3183

## County Court District 1
### Gayle Parker, Circuit Clerk
1801 23rd Avenue

Gulfport, MS 39501
(228) 865-4230

---



| | | |
|---|---|---|
| Received From: | Conway, Warren Leon<br>Po Box 757<br>Gulfport, MS 39502-0757 | Date: 8/20/2012<br>Receipt #: **47838**<br>Clerk: KMI |
| Paying for: | Bogan, Joann | |
| Transaction Type: | Civil | Reference #: 3236 |
| Payment Type: | Check | Original Case #: |
| Total Paid | $166.00 | Comment: |
| Total Received | $166.00 | |
| Change Due | $0.00 | |

| Case # | Caption | Previous Balance | Amount Paid | Balance Due |
|---|---|---|---|---|
| D24011201442 | Joann Bogan vs Walmart Stores, Inc.;Ct Corp. System, Registered Agent | $166.00 | $166.00 | $0.00 |

| COVER SHEET | Court Identification Docket # | Case Year | Docket Number |
|---|---|---|---|
| Civil Case Filing Form | 24 T C6 | 2012 | 01442 |
| (To be completed by Attorney/Party Prior to Filing of Pleading) | County # / Judicial District / Court ID (CH, CI, CO) | | Local Docket ID |
| Mississippi Supreme Court — Form AOC/01 | 06 20 12 | | |
| Administrative Office of Courts (Rev 2009) | Month Date Year — This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

In the COUNTY Court of **HARRISON** County — **FIRST** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: **BOGAN** (Last Name) **JOANN** (First Name) — Maiden Name, if applicable — M.I. — Jr/Sr/III/IV

___ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business: _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff: **3622 REYNOSA DRIVE GULFPORT MS 39501**

Attorney (Name & Address): **WARREN L CONWAY PO BOX 757 GULFPORT MS 39502**    MS Bar No. **6480**

___ Check (x) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _[signature]_

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: _____ (Last Name) _____ (First Name) — Maiden Name, if applicable — M.I. — Jr/Sr/III/IV

___ Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business: **WAL-MART STORES, INC.**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

[X] Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A **WAL-MART SUPERCENTER STORE #969**

Attorney (Name & Address) - If Known: _____    MS Bar No. _____

**Damages Sought:** Compensatory $ ___  Punitive $ ___  ___ Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| Child Custody/Visitation | Accounting (Business) | Adoption - Contested | Adverse Possession |
| Child Support | Business Dissolution | Adoption - Uncontested | Ejectment |
| Contempt | Debt Collection | Consent to Abortion Minor | Eminent Domain |
| Divorce:Fault | Employment | Removal of Minority | Eviction |
| Divorce: Irreconcilable Diff. | Foreign Judgment | Other ___ | Judicial Foreclosure |
| Domestic Abuse | Garnishment | **Civil Rights** | Lien Assertion |
| Emancipation | Replevin | Elections | Partition |
| Modification | Other ___ | Expungement | Tax Sale: Confirm/Cancel |
| Paternity | **Probate** | Habeas Corpus | Title Boundary or Easement |
| Property Division | Accounting (Probate) | Post Conviction Relief/Prisoner | Other ___ |
| Separate Maintenance | Birth Certificate Correction | Other ___ | **Torts** |
| Termination of Parental Rights | Commitment | **Contract** | Bad Faith |
| UIFSA (eff 7/1/97; formerly URESA) | Conservatorship | Breach of Contract | Fraud |
| Other ___ | Guardianship | Installment Contract | Loss of Consortium |
| **Appeals** | Heirship | Insurance | Malpractice - Legal |
| Administrative Agency | Intestate Estate | Specific Performance | Malpractice - Medical |
| County Court | Minor's Settlement | Other ___ | Mass Tort |
| Hardship Petition (Driver License) | Muniment of Title | **Statutes/Rules** | [X] Negligence - General |
| Justice Court | Name Change | Bond Validation | Negligence - Motor Vehicle |
| MS Dept Employment Security | Testate Estate | Civil Forfeiture | Product Liability |
| Worker's Compensation | Will Contest | Declaratory Judgment | Subrogation |
| Other ___ | Other ___ | Injunction or Restraining Order | Wrongful Death |
| | | Other ___ | Other ___ |

(228)863-3183

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

JOANN BOGAN                                                          PLAINTIFF

VERSUS                                  CAUSE NUMBER: D2401-12-1442

WAL-MART STORES, INC.
JOHN DOES 1-10 PERSONS
JOHN DOES 11-20 ENTITIES                                  DEFENDANT

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   WAL-MART STORES, INC.
       C/O C T CORPORATION SYSTEM
       645 LAKELAND EAST DRIVE, SUITE 101
       FLOWOOD, MS 39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Warren L. Conway, the attorney for the Plaintiff, whose address is Post Office Box 757, Gulfport, Mississippi, 39502-0757. Your response must be mailed or delivered within thirty (30) days from date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 20 day of August, 2012.

County Clerk of Harrison County
Gulfport, MS 39501

BY: _____

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

| | |
|---|---|
| JOANN BOGAN, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. D2401-12-1442 |
| WAL-MART STORES, INC. JOHN DOES 1-10 PERSONS JOHN DOES 11-20 ENTITIES | * |
| Defendant. | * |

## ANSWER

COMES NOW the Defendant, WAL-MART STORES EAST, L.P., incorrectly identified as "Wal-Mart Stores, Inc.", and files this its Answer with each numbered paragraph corresponding to each numbered paragraph in Plaintiff's Complaint as follows:

I.

As this paragraph refers to the residency of the Plaintiff, no response is necessary from Wal-Mart.

II.

Wal-Mart Stores, Inc. admits it is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in the State of Arkansas, authorized to do business in Mississippi and may be served via its registered agent. However, Wal-Mart Stores, Inc. denies any involvement in the alleged incident giving rise to this action, and denies it was the owner or operator of the premises where this incident occurred. Wal-Mart Stores East, L.P. admits it is a limited partnership authorized to do business in Mississippi and may be served via

1

its registered agent, and that at all times pertinent hereto was the operator of the premises where this incident allegedly occurred.

III.

Wal-Mart Stores, Inc. denies it was the owner or operator of the premises where this incident occurred, but admits Wal-Mart Stores East, L.P. was the operator of the premises where this incident occurred in Gulfport, Ms.

IV.

As this paragraph is directed toward fictitious defendants, no response from Wal-Mart is required. However, to the extent this paragraph asserts allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

V.

Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations relating to the details of how this incident occurred, or Plaintiff's medical condition, including her alleged injuries, and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies that its conduct constituted negligence at any time pertinent herein. Wal-Mart denies the remaining allegations contained in Paragraph V. of the Plaintiff's Complaint and demands strict proof thereof.

VI.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's status as an

2

"invitee" while she was on its premises and, therefore, must deny the same at this time and demand strict proof thereof. Wal-Mart denies the remaining allegations contained in paragraph VI. of the Plaintiff's Complaint and demands strict proof thereof.

VII.

Wal-Mart denies the allegations contained in Paragraph VII. of the Plaintiff's Complaint and demands strict proof thereof.

VIII.

Wal-Mart denies the allegations contained in Paragraph VIII. of the Plaintiff's Complaint, including all allegations in subparts a) through e), and specifically denies its conduct constituted negligence at any time pertinent herein and demands strict proof thereof. Wal-Mart denies the remaining allegations contained in Paragraph VIII. of the Plaintiff's Complaint and demands strict proof

IX.

Wal-Mart denies it breached any duty to Plaintiff and further denies that it proximately caused or proximately contributed to cause Plaintiff's alleged injuries and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition, alleged injuries, or alleged damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations contained in Paragraph IX. of the Plaintiff's Complaint and demands strict proof thereof. and.

X.

Wal-Mart denies Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. All material allegations contained in Plaintiff's Complaint not otherwise answered are hereby denied.

2. The Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3. No act or omission of this Defendant was the proximate cause of any injury to Plaintiff.

4. Defendant owed no duty as alleged, the breach of which proximately caused Plaintiff's alleged injuries.

5. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

6. Wal-Mart had no knowledge of the alleged defect or condition Plaintiffs allege to have been the cause of their injuries; therefore, Plaintiff should not recover from Defendant.

7. Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

8. Plaintiff's Complaint fails to state a claim for which relief can be granted against Wal-Mart Stores, Inc. and Plaintiff's claims are therefore due to be dismissed.

9. Wal-Mart reserves the right to add affirmative defenses as discovery in this matter has not yet begun.

DEFENDANT DEMANDS TRIAL BY STRUCK JURY

Dated November 6, 2012

                              /s/ *W. Pemble DeLashmet*
                            W. PEMBLE DELASHMET MS 8840
                            wpd@delmar-law.com
                            CHAD C. MARCHAND 102752
                            ccm@delmar-law.com
                            ASHLEY POWELL GRIFFIN MS 104044
                            apg@delmar-law.com
                            Attorneys for Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this November 6, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Warren L. Conway, Esquire, attorney for Plaintiff.

                              /s/ *W. Pemble DeLashmet*
                            OF COUNSEL

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

| | |
|---|---|
| JOANN BOGAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. D2401-12-1442 |
| | * |
| WAL-MART STORES, INC. | * |
| JOHN DOES 1-10 PERSONS | * |
| JOHN DOES 11-20 ENTITIES | * |
| | * |
| Defendant. | * |

## NOTICE OF SERVICE OF DISCOVERY

In accordance with the Mississippi Rules of Civil Procedure, Defendant Wal-Mart Stores East, L.P. gives notice to the court that the following discovery has been served on the Plaintiff:

1. Wal-Mart's First Set of Interrogatories and Request for Production to plaintiff; and

2. Wal-Mart's Request for Admission to plaintiff.

Dated November 6, 2012

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
CHAD C. MARCHAND 102752
ccm@delmar-law.com
ASHLEY POWELL GRIFFIN MS 104044
apg@delmar-law.com
Attorneys for Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-1578

1

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this November 6, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Warren L. Conway, Esquire, attorney for Plaintiff.

                                            /s/ W. Pemble DeLashmet
                                            OF COUNSEL

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

| | |
|---|---|
| JOANN BOGAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. D2401-12-1442 |
| | * |
| WAL-MART STORES, INC. | * |
| JOHN DOES 1-10 PERSONS | * |
| JOHN DOES 11-20 ENTITIES | * |
| | * |
| Defendant. | * |

## NOTICE OF SERVICE OF DISCOVERY

In accordance with the Mississippi Rules of Civil Procedure, Defendant Wal-Mart Stores East, L.P. gives notice to the court that the following discovery has been served on the Plaintiff:

1. Wal-Mart's First Set of Interrogatories and Request for Production to plaintiff; and

2. Wal-Mart's Request for Admission to plaintiff.

Dated November 6, 2012

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
CHAD C. MARCHAND 102752
ccm@delmar-law.com
ASHLEY POWELL GRIFFIN MS 104044
apg@delmar-law.com
Attorneys for Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-1578

1

CERTIFICATE OF SERVICE

    I hereby certify that I have on this November 6, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Warren L. Conway, Esquire, attorney for Plaintiff.

                                                                           */s/ W. Pemble DeLashmet*
                                                                           OF COUNSEL

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

| | |
|---|---|
| JOANN BOGAN, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. D2401-12-1442 |
| WAL-MART STORES, INC.<br>JOHN DOES 1-10 PERSONS<br>JOHN DOES 11-20 ENTITIES | * |
| Defendant. | * |

## NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM

To:  Conway & Martin
     Warren L. Conway
     P.O. Box 757
     Gulfport, MS 39502-0757

YOU ARE NOTIFIED that after 10 days from the date of service of this notice the undersigned will apply to the clerk of this Court for issuance of the attached subpoena directed to the following, who is not a party and whose addresses appear as follows, to produce the items listed at the time and place specified in the subpoena.

Custodian for:

Memorial Hospital at Gulfport         Physicians Care Plaza
4500 13th Street                      9344 3 Rivers Road
Gulfport, MS 39501                    Gulfport, MS 39503

HIPAA DISCLOSURE: Pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), this notice shall operate as written notice to Plaintiff(s) that protected health information is being sought by the undersigned attorney pursuant to 45 C.F.R. § 164.512(e).

Dated December 3, 2012

                    /s/ W. Pemble DeLashmet
                    W. PEMBLE DELASHMET MS 8840
                    wpd@delmar-law.com
                    CHAD C. MARCHAND 102752
                    ccm@delmar-law.com
                    ASHLEY POWELL GRIFFIN MS 104044
                    apg@delmar-law.com
                    Attorneys for Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:  (251) 433-1577
Facsimile:  (251) 433-1578

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this December 3, 2012, electronically filed the forgoing document with the Clerk of the Court using the ECF System which sent notification of such filing to Warren L. Conway, Esquire, attorney for Plaintiff.

                    /s/ W. Pemble DeLashmet
                    OF COUNSEL