IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOANN BOGAN,** | * | |
| **Plaintiff** | * | |
| | * | |
| vs. | * | CIVIL ACTION NO.: 1:12cv392-HSO-RHW |
| **WAL-MART STORES EAST, L.P.** | * | |
| **MIKE'S TRUCKING, L.L.C.** | * | |
| **REDDY ICE CORPORATION** | * | |
| **JOHN DOES 1-10 PERSONS** | * | |
| **JOHN DOES 11-20 ENTITIES** | * | |
| **Defendants** | | |

## AMENDED COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, JOANN BOGAN, by and through her attorney of record, Warren L. Conway, and files this her Amended Complaint against the Defendant WAL-MART STORES EAST, L.P., erroneously named as Wal-Mart Stores, Inc., MIKE'S TRUCKING, L.L.C., REDDY ICE CORPORATION, JOHN DOES 1-10 PERSONS and JOHN DOES 11-20 ENTITIES, and for good cause would respectfully state unto this Honorable Court the following to-wit:

1.

The Plaintiff, JOANN BOGAN, is an adult citizen of Harrison County, MS.

2.

The Defendant, **WAL-MART STORES EAST, L.P.,** is and at all times material hereto a foreign corporation authorized to do business, and doing business in the State of Mississippi,

with **CT Corporation System 645 Lakeland East Dr. Ste 101, Flowood, MS 39232**, as its agent for service of process.

3.

The Defendant, **MIKE TRUCKING, L.L.C.,** is and at all times material hereto a Mississippi company duly qualified to do business in the State of Mississippi, with Woodrow W. Pringle, III, Esq. 2301 14th Street #720, Gulfport, Mississippi 39502, as its agent for service of process. In the alternative, service may be had upon **Tom Riley, Mississippi Secretary of State, 700 North Street, Jackson, Mississippi 39202.**

4.

The Defendant, **REDDY ICE CORPORATION,** is and at all times material hereto a company in Dallas, Texas with **CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232**, as its agent for service of process.

5.

The Defendant, at all times material hereto, did own and operate the Wal-Mart Stores East, L.P. as a retail establishment at the premises located at 9350-A Highway 49, Gulfport, MS 39503. The Defendant, at all times material hereto, did own and operate Mike Trucking, L.L.C. and is located at 12037 Three Rivers Road, Gulfport, Mississippi 39503. The Defendant, at all times material hereto, did own Reddy Ice Corporation and is located at 8750 N. Central Expressway, Suite 1800, Dallas, Texas 75231-6450.

6.

The Defendants', Unknown John and Jane Does 1-20, identities are not known to the Plaintiff at this time. However, it is believed that they are adult resident citizens of Harrison

County, Mississippi and or entities created under the laws of the State of Mississippi or other states. Through the discovery process, it is believed that their identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to amend her Complaint and identify the unknown persons and serve them with process for wrongs committed and violations against the rights, privileges and immunities of Joann Bogan, all of which it is alleged were committed in their official and/or individual capacities.

7.

As a proximate result of the defendants' negligence on or about February 17, 2011, a cooler used for storing bags of ice leaked and formed a pool of water on the floor in which the plaintiff slipped and fell to the ground, thereby causing the plaintiff to suffer injuries including but not limited to past, present and future medical expenses, past, present and future mental and physical pain and suffering and past, present and future lost wages.

8.

The Defendant, Wal-Mart Stores East, L.P.as owner, landlord, lessee, tenant, or manager of said premises, and operating said premises as a retail establishment, did owe to invitees the following duties:

a)  To exercise ordinary care to keep the premises in a reasonably safe condition;

b)  To warn of dangerous conditions, not readily apparent, of which Defendant was aware or should have been aware;

c)  To establish, publish, and perform policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition;

d)  To train employees to perform policies and procedures designed to assure that the premises

were maintained in a reasonably clean and safe condition;

e) To staff the business adequately to ensure that policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition were performed; and

f) To train employees to promptly respond to notice of potentially unsafe conditions on the premises.

9.

At all times material herein, Defendant, Mike Trucking, L.L.C. and Reddy Ice Corporation were under a non-delegable duty to:

a) To exercise ordinary care to keep the floor in a reasonably safe condition;

b) To warn of dangerous conditions, not readily apparent, of which Defendant was aware or should have been aware.

c) To establish, publish, and perform policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition;

d) To train employees to perform policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition;

e) To staff the business adequately to ensure that policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition were performed; and

f) To train employees to promptly respond to notice of potentially unsafe conditions on the premises.

g) To not permit and/or allow a hazardous condition to exist by which the Plaintiff could be injured at a time when said defendant knew or should have known that said chest was leaking water on the floor and was creating a dangerous condition at a time when said defendant (s) should have taken some action to prevent injury to the Plaintiff or any other patron;

h) To correct or remove hazardous conditions in an area in which customers travel frequently;

i)  To properly maintain the condition of the ice chest/coolers and machines in general in the Defendant's establishment, particularly in an area in which customers travel most frequently;

j) To not allow a hazardous condition to exist on the Defendant's property at a time when the defendant has been advised of its presence; and

k) To warn Plaintiff of the presence of the hazardous condition or of the danger it presented.

10.

The Defendants did negligently and/or wantonly fail to perform some or all of the duties described hereinabove at Paragraphs 8 and 9.

11.

Said Defendants were negligent in the following manners:

a)      To exercise ordinary care to keep the floor in a reasonably safe condition;

b) To warn of dangerous conditions, not readily apparent, of which Defendant was aware or should have been aware.

c) To establish, publish, and perform policies and procedures designed to assure that the

     premises were maintained in a reasonably clean and safe condition;

d) To train employees to perform policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition;

e) To staff the business adequately to ensure that policies and procedures designed to assure that the premises were maintained in a reasonably clean and safe condition were performed; and

f) To train employees to promptly respond to notice of potentially unsafe conditions on the premises.

g) To not permit and/or allow a hazardous condition to exist by which the Plaintiff could be injured at a time when said defendant knew or should have known that said chest was leaking water on the floor and was creating a dangerous condition at a time when said defendant (s) should have taken some action to prevent injury to the Plaintiff or any other patron;

h) To correct or remove hazardous conditions in an area in which customers travel frequently

i) To properly maintain the condition of the ice chest/coolers and machines in general in the Defendant's establishment, particularly in an area in which customers travel    most frequently;

j) To not allow a hazardous condition to exist on the Defendant's property at a time when the defendant has been advised of its presence; and

k) To warn Plaintiff of the presence of the hazardous condition or of the danger it presented.

12.

The breaches of duty committed by Defendants jointly and severally, proximately caused or contributed to injuries sustained by the Plaintiff and caused her to incur damages in the form of past, present and future medical expenses, pain and suffering and lost wages.

13.

The Plaintiff brings suit and demands damages within the jurisdictional limitations of this Honorable Court.

**RESPECTFULLY SUBMITTED**, this the  6th   day of April, 2013.

**JOANN BOGAN, Plaintiff**


BY:   /s/Warren L. Conway_____
       WARREN L. CONWAY, MSB# 6480

OF COUNSEL:

CONWAY & MARTIN
ATTORNEYS AT LAW
1600 24TH AVENUE, SUITE B
Post Office Box 757
Gulfport, MS  39502-0757
(228)863-3183

## CERTIFICATE OF SERVICE

I, **WARREN L. CONWAY,** do hereby certify that I have this day caused to be mailed by U. S. Mail, postage pre-paid and via facsimile, a true and correct copy of the above and foregoing AMENDED COMPLAINT**,** to:

>W. Pemble Delashmet, Esq.
>Chad C. Marchand, Esq.
>Ashley Powell Griffin, Esq.
>***DELASHMET & MARCHAND, P.C.***
>Post Office Box 2047
>Mobile, Alabama  36652

**SO CERTIFIED,** this the  6th  day of April, 2013.

>  /s/ Warren L. Conway
>**WARREN L. CONWAY, ESQ.**
>**Certifying Attorney**